**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MICHAEL LEE JORDAN**                                                               **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 2:14cv60-MTP**

**PERRY COUNTY, ET AL.**                                            **DEFENDANTS**

**OPINION AND ORDER**

THIS MATTER is before the Court on the Motion for Summary Judgment [46] filed by Defendants Perry County and Jimmy Dale Smith, and the Motion for Summary Judgment [48] filed by Defendant Annie Hinton, d/b/a Rooster's. The Court having carefully considered the motions, the submissions of the parties, and the applicable law, finds that both motions should be granted and this matter should be dismissed with prejudice.

**BACKGROUND**

Plaintiff Michael Jordan, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on or about April 10, 2014.[1] Plaintiff is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed in the South Mississippi Correctional Institution ("SMCI"). However, at the time of the alleged events giving rise to this lawsuit, Plaintiff was a pre-trial detainee housed at the Perry County Jail ("PCJ").

Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at a

---

[1] *See* Complaint [1] at 4.

1

*Spears*[2] hearing held on February 12, 2015.[3] Plaintiff's claims and requested relief are set forth below.

**Medical Claims**

Plaintiff alleges that he received inadequate medical treatment from Perry County and Defendant Perry County Sheriff Jimmy Dale Smith. Specifically, Plaintiff alleges he has suffered from sarcoidosis[4] since 2000. Plaintiff alleges that he filled out requests for medical care several times, but that they were either lost or ignored, resulting in a delay in treatment. Plaintiff alleges that he requires oral medication to treat his condition, but that he only received eye drops at the PCJ. He also states that he was denied prednisone, which, according to the Plaintiff, is the only medication that properly treats his condition. Plaintiff further alleges that he did not receive the medication amitriptyline for an unspecified amount of time, although Plaintiff was unable to explain to the Court why he takes this medication at the *Spears* hearing.

Plaintiff alleges that he both wrote letters and personally spoke to Defendant Smith regarding his medical issues, but that Smith did nothing to help him. According to Plaintiff, the delay and denial of medical care resulted in considerable pain and swelling in the right side of his body. He also alleges that his vision was impaired for awhile, but has returned to normal.

---

[2]*Spears v. McCotter*, 76 F.2d 179 (5th Cir. 1985).

[3]*See* Omnibus Order [31]; *Flores v. Livingston*, 405 F. App'x 931, 932 (5th Cir. 2010) (stating that the allegations made by a plaintiff at a *Spears* hearing supercede the claims alleged in the complaint).

[4]Sarcoidosis is the growth of inflammatory cells in various parts of the body. *See* Diseases and Condition: Sarcoidosis, http://www.mayoclinic.org/diseases-conditions/sarcoidosis/basics/definition/con-20022569 (Last visited February 13, 2016).

**Religious Claims**

Plaintiff alleges that Defendants Perry County, Smith and Annie Hinton violated his First Amendment rights. Plaintiff alleges that he is a practicing Muslim, and that it is contrary to his religious beliefs to consume pork. Rooster's is a sole proprietorship owned by Defendant Annie Hinton. Plaintiff alleges that Hinton was under contract with the Perry County Jail to provide food to the inmates during his incarceration there. Plaintiff alleges that he requested non-pork trays, but that Hinton continued to provide and jail officials continued to serve him meals consisting of pork. Plaintiff alleges that some of the trays were labeled as non-pork, but that upon closer inspection pork was included. Plaintiff states that pork was never the only food item on the tray, and that there were side items that did not include pork. Plaintiff alleges that he complained to jail officials, who then called Hinton to report the problem. Plaintiff states that although Hinton rectified the problem a few times, there were other instances where Hinton and jail officials told him that there was nothing they could do.

Plaintiff also alleges that he was previously unable to obtain certain religious materials while incarcerated at the PCJ, including a prayer rug and a Qur'an. Plaintiff states that when his mother attempted to bring these items to the PCJ, she was told by an officer that the items were not allowed. Plaintiff states these items later became available for sale at the PCJ commissary.

Plaintiff requests an unspecified amount of monetary damages as relief, and also requests that the Defendants be fined for their alleged failure to abide by the law.[5]

On May 18, 2015, Defendants Perry County and Jimmy Dale Smith filed their Motion for Summary Judgment [46] and Memorandum in Support [45]. On September 2, 2015, Defendant

---

[5]*See* Omnibus Order [32] at 2-3.

Annie Hinton filed her Motion for Summary Judgment [48]. Plaintiff has filed no response to the motions, and the time for doing so has expired. Accordingly, the motions are ripe for disposition.

## STANDARD

A motion for summary judgment will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 ((emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## ANALYSIS

### I. Motion for Summary Judgment [46] – Defendants Perry County and Jimmy Dale Smith

Plaintiff alleges that Defendants Perry County and Smith were deliberately indifferent to his medical needs and also violated his First Amendment rights by denying him particular meals and religious items. In their motion for summary judgment, Defendants Perry County and Smith argue

that Plaintiff's allegations are without merit and that they are entitled to judgment as a matter of law. For the reasons set forth below, the Court finds that the Defendants' motion for summary judgment should be granted.

### A. Claims Against Defendant Smith in His Individual Capacity

#### 1. Deliberate Indifference to Medical Needs

In this case, Plaintiff complains that he suffers from sarcoidosis, which is a growth of inflammatory cells in various parts of the body, and that this condition was not properly treated at the PCJ. Specifically, Plaintiff claims that he was denied amitriptyline,[6] an antidepressant, and prednisone,[7] a corticosteroid, for an unspecified amount of time, despite repeated requests to Defendant Smith for the medication. Plaintiff also argues that he needs oral medication to treat his symptoms, but that he was only prescribed eye drops at the PCJ.

The Eighth Amendment's prohibition of cruel and unusual punishment affords convicted inmates constitutional rights in connection with their medical care and safety. *See Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). However, a pretrial detainee's right to medical care arises from the Fourteenth Amendment's guarantee of due process. *See Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003). The Fifth Circuit "has recognized that there is no significant distinction between

---

[6]Amitriptyline is a tricyclic antidepressant. "It works by increasing the amounts of certain natural substances in the brain that are needed to maintain mental balance." *See* Amitriptyline, MedlinePlus, UNITED STATES NATIONAL LIBRARY OF MEDICINE, *available at* https://www.nlm.nih.gov/medlineplus/druginfo/meds/a682388.html (Last visited March 2, 2016).

[7]Prednisone is a corticosteroid used to treat inflammation in various areas of the body. *See* Prednisone (By mouth), PubMed Health, United States Library of Medicine, *available at* http://www.ncbi.nlm.nih.gov/pubmedhealth/PMHT0011828/?report=details (Last visited March 2, 2016).

pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001) (citing *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996)). "When the alleged unconstitutional conduct involves an episodic act or omission,[8] the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights, regardless of whether the individual is a pretrial detainee or state inmate." *Gibbs*, 254 F.3d at 548.

Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A plaintiff must show that a defendant's "response indicate[d] that the [defendant] subjectively intended that harm occur." *Thompson v. Upshur County*, 245 F.3d 447, 458-59 (5th Cir. 2001).

An official is not deliberately indifferent unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id.* at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would

---

[8] In an "episodic act or omission" claim, an official is usually interposed between the inmate and the governmental entity, such that the prisoner first complains of a particular act or omission of the official and secondarily to a policy, custom, or procedure that caused or allowed the act or omission. *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997). Conversely, a "conditions of confinement" action focuses upon allegedly unconstitutional "conditions, practices, rules, or restrictions of . . . confinement." *Hare*, 74 F.3d at 644. Plaintiffs' deprivation of medical care allegations in this case fall into the former category since they center upon the purported acts or omissions of Defendant Smith.

clearly evince a wanton disregard for any serious medical needs.'" *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 965 (5th Cir. 2004) (quoting *Domino*, 239 F.3d at 756).  Delay in medical care only violates the constitution if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986).  Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006).  Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

Having reviewed the Plaintiff's submissions and the entire record,[9] the Court finds that Plaintiff has failed to present any evidence that Defendant Smith was deliberately indifferent to his medical needs. The record reflects that Plaintiff submitted only one complaint regarding his sarcoidosis condition at the PCJ, on August 5, 2014.[10] Specifically, the Plaintiff complained, "I have a history of sarcoidosis. Antibiotics are not helping in any way with these swollen lymph nodes or pain."[11] In response to his complaint, the Plaintiff was prescribed a corticosteroid nasal spray and an antihistamine.[12] Plaintiff filed no further complaints regarding his sarcoidosis symptoms. While Plaintiff is clearly dissatisfied with the medication he was given, such disagreement cannot support

---

[9]Defendants submit the Plaintiff's medical records from the PCJ in support of their motion for summary judgment.

[10]*See* Medical Record [46-5] at 7.

[11]*Id.*

[12]Specifically, the Plaintiff was prescribed Flonase and Xyzal. *Id.*

7

a claim of deliberate indifference. *See Gobert*, 463 F.3d at 346. He has offered no evidence to show that the medication prescribed or the treatment given was inappropriate.

The record reflects that Plaintiff was ultimately prescribed prednisone–his preferred medication–by a physician at the PCJ.[13] "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). At the *Spears* hearing, the Plaintiff stated that he experienced pain as a result of the alleged delay, and that he lost his vision for a period of time. However, the record is devoid of any indication that the Plaintiff experienced complications regarding his sarcoidosis condition. In fact, Plaintiff visited the Hattiesburg Eye Clinic on January 23, 2015, as he was experiencing inflammation in his eye. At his appointment, the Plaintiff made no complaints regarding a loss of vision. In fact, the Plaintiff reported that his prescribed eye drops were working and that he was "doing better."[14]

Plaintiff also asserts that he was wrongfully denied oral medication to treat his eye inflammation, and that he was instead given eye drops. As outlined above, the record reflects that Plaintiff reported he was doing well on the prescribed eye drops when examined at the Hattiesburg Eye Clinic.[15] Moreover, in any event, it is well-settled that a prisoner's disagreement with a course of treatment, without more, fails to establish deliberate indifference. *See, e.g., Gobert*, 463 F.3d at 346; *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

---

[13] *See* Medical Records [46-9] at 61.

[14] Medical Records [46-7] at 1-3.

[15] *Id.*

In regard to the alleged missed doses of amitriptyline, the medical logs kept at the PCJ reflect that Plaintiff consistently acknowledged receipt of this exact medication.[16] Moreover, although Plaintiff filed a considerable number of medical request forms at the PCJ, none of the requests complain of missed doses of amitriptyline.[17]

The Court also notes that in addition to the treatment the Plaintiff received for the ailments he reported at the *Spears* hearing, his medical records reflect he also received treatment at the PCJ for chest pain,[18] a rash,[19] skin irritation,[20] discolored toenails and cracked/itching feet,[21] athletes foot, right side pain, swollen lymph nodes,[22] headaches,[23] depression, insomnia,[24] and a hernia.[25]

"Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (affirming district court's dismissal of inmate's deliberate indifference claims as frivolous where the motion for summary judgment was supported by the inmate's medical records); *Harris*

---

[16]*See* Medical Records [46-5] at 14-38; [46-8] at 1-8; [46-9] at 1-75.

[17]*See* Grievance Forms [46-5] at 1-10; Complaint Form [46-11] at 2; Handwritten Grievances [46-17].

[18]*Id.* at 2

[19]*Id.* at 3.

[20]*Id.* at 4.

[21]*Id.* at 5.

[22]*Id.* at 6.

[23]*Id.* at 7.

[24]*Id.* at 9.

[25]*See* Medical Records [46-6] at 5.

*v. Epps*, 523 Fed. App'x 275, 275 (5th Cir. 2013) (per curium) (affirming summary judgment where inmate's medical records reflected that he had received ongoing medical treatment). Plaintiff has failed to offer any evidence contradicting his medical records. Having been confronted with a properly supported motion for summary judgment, Plaintiff can no longer rest on the allegations in his pleadings. *See Celotex*, 477 U.S. at 325-26.

Although the Plaintiff claims that he repeatedly wrote grievances to Defendant Smith complaining of his medical care, there is no indication in the record Defendant Smith was aware the Plaintiff was dissatisfied with the care he was receiving. In Defendant Smith's sworn affidavit, he states that "Jordan never complained to me about any medical condition, and I was never subjectively aware of any risk to his health or safety while he was in Perry County custody."[26] Moreover, Plaintiff does not argue, and the record does not reflect, that Defendant Smith was authorized to administer medications or make any decisions regarding his medical treatment. *See Wagner v. Bay City, Tex.,* 227 F.3d 316, 325 (5th Cir. 2000) ("With no evidence indicating that [Defendants] had any direct involvement in the treatment decisions at issue, there is no way a reasonable jury could find their actions violated the rights of [the plaintiff]."). Plaintiff has not filed a dispositive motion, responded to Defendants' dispositive motion, or otherwise rebutted the evidence submitted by the Defendants. As set forth above, Plaintiff cannot merely rest on his pleadings at this stage in the proceedings. *See Celotex*, 477 U.S. at 325-26.

Accordingly, for these reasons, the Court finds that Defendant Smith is entitled to judgment as a matter of law as to this claim.

---

[26]*See* Smith Affidavit [46-10] at 2.

### 2. First Amendment Violations

Plaintiff also alleges that he was provided meals consisting of pork while incarcerated at the PCJ, in violation of his First Amendment rights. Specifically, Plaintiff alleges that he requested non-pork trays, but that Defendant Hinton and jail officials continued to provide him meals consisting of pork. Plaintiff also alleges that he was unable to obtain a prayer rug and a Qur'an while incarcerated at the PCJ. He alleges that when his mother attempted to bring these items to the PCJ, she was told by an officer that the items were not allowed. Plaintiff states these items later became available for sale at the PCJ commissary.

As outlined above, the Plaintiff seeks monetary damages for the Defendants' alleged violations of his First Amendment rights.[27] Plaintiff does not allege, however, that he suffered any physical injury as a result of the alleged violation. In the pertinent part, the Prison Litigation Reform Act provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). The United States Court of Appeals for the Fifth Circuit has clearly held that Section 1997e(e) applies to First Amendment claims. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005) ("Thus, as the district court correctly held, [the prisoner's] failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for

---

[27]Plaintiff also requested that the Defendants be fined for their failure to abide by the law, which the Court will likewise construe as a request for damages. He does not seek injunctive relief. In any event, a request for injunctive relief would now be moot, as the Plaintiff was transferred from the PCJ to a different correctional facility. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that a prisoner-plaintiff's transfer to another correctional facility rendered his claims for declaratory and injunctive relief moot).

emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation."); *see also Carter v. Hubert*, 452 Fed. App'x 477, 479 (5th Cir. 2011); *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 605 (5th Cir. 2008). Moreover, the Fifth Circuit has held:

> [I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental and emotional injuries non-recoverable, absent physical injury.

*Geiger*, 404 F.3d at 375.

Plaintiff was given several opportunities to allege a physical injury and provide the Court with competent evidence of the same. First, Plaintiff could have more fully developed his allegations when he requested the Court's leave to amend his complaint.[28] Plaintiff was also provided an opportunity to clarify his allegations at the *Spears* hearing in this case.[29] Finally, Plaintiff had the chance to respond to Defendants' motion for summary judgment, but he declined to do so.

Despite several opportunities to cure this deficiency, the Plaintiff's submissions are devoid of any specific allegations or evidence of a physical injury stemming from the alleged First Amendment violations. Accordingly, for this reason, the Court finds that Defendant Smith is entitled to judgment as a matter of law as to these claims.

### B. Claims Against Perry County and Jimmy Smith in His Official Capacity

Plaintiff also alleges claims of deliberate indifference and infringement of his First Amendment rights against Perry County and Jimmy Smith in his official capacity.[30] To establish the

---

[28]*See* Motion to Amend [27].

[29]*See* Omnibus Order [32].

[30]A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

liability of a governmental agency under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (2) was the moving force behind the violation of a constitutional right. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978)). The liability of a governmental entity cannot be predicated on *respondeat superior*. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010).

An official policy that leads to a constitutional violation is necessary in order to recover under a theory of municipal liability:

> [I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695. Therefore, municipalities may not be held liable for acts of lower level employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom. *Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006).

In this case, the Plaintiff does not identify or challenge any policy or custom of Perry County regarding health care or the religious practices of its inmates. Rather, his allegations are directed towards the acts and omissions of Defendant Smith and other individuals working at the PCJ. In addition, in regard to the Plaintiff's First Amendment allegations, his claims must be dismissed as barred by 42 U.S.C. § 1997e(e), as set forth above. Accordingly, the Court finds that Defendants Perry County and Sheriff Smith, in his official capacity, are entitled to judgment as a matter of law.

**II.     Motion for Summary Judgment [48] – Annie Hinton d/b/a Rooster's**

Finally, Plaintiff alleges that Defendant Hinton[31] violated in First Amendment rights by failing to ensure that he was provided with non-pork meals. Because the Plaintiff has failed to allege any physical injury as a result of Hinton's alleged constitutional violations, the Court finds that Defendant Hinton is entitled to judgment as a matter of law for the same reasons as those set forth above.

IT IS, THEREFORE, ORDERED:

1. That the Motion for Summary Judgment [46] submitted by Defendants Perry County and Jimmy Dale Smith is GRANTED;

2. That the Motion for Summary Judgment [48] filed by Defendant Annie Hinton is GRANTED;

3. That this matter is hereby dismissed with prejudice; and

4. That a separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 21st of March, 2016.

s/ Michael T. Parker
United States Magistrate Judge

---

[31]The Court notes that it is unclear whether Annie Hinton was acting under color of state law. To state a claim under Section 1983, Plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Akins*, 487 U.S. 42, 24 (1988). The Supreme Court has held that "[t]o act 'under color' of law does not require that the defendant be an officer of the state." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Rather, under the "public function" test, an individual or private entity acts under color of state law when they "perform[] a function which is traditionally the exclusive province of the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). In the instant case, Plaintiff merely claims that Hinton was under contract with the prison to provide food, which may or may not establish a sufficient basis for liability under Section 1983. However, as set forth below, it is unnecessary for the Court to resolve this issue, as Plaintiff's First Amendment claims are barred by 42 U.S.C. § 1997e(e).